## THE ROSE REICHERT.

## THE JOHN F. LEWIS.

(District Court, S. D. New York. March 31, 1920.)

**Collision ⊙═95(7)—Both tugs held at fault for failure to keep proper lookout.**

Two tugs *held* both at fault for failure to keep proper lookout, as a result of which neither observed the approach of the other in time to avoid a collision, by which a cattle float in tow of one of them was injured, and the fact that the cattle float and its tug were not in the middle of the river *held* only a condition, and not a cause, of the injury.

In Admiralty. Libel by the Central Union Stockyards Company against the steamtugs Rose Reichert and John F. Lewis. Decree entered for libelant against both tugs.

Decree affirmed 278 Fed. 312.

Harrington, Bigham & Englar, for libelant.

Foley & Martin, of New York City, for claimant of the Rose Reichert.

Park & Mattison, of New York City for claimant of the John F. Lewis.

KNOX, District Judge. It seems to me that the collision for which damages are here asked was brought about through the fault of the Rose Reichert and the John F. Lewis, in that neither of them maintained an efficient lookout.

There was doubtless some mist on the morning of the accident, but it can, without difficulty, be found that the lights along both the Manhattan and Brooklyn shores were fairly bright, and, had the Reichert and the Lewis maintained proper lookouts, it is altogether likely that a collision might have been avoided. As it was, however, the approach of neither craft was observed by the other until a colilsion was practically inevitable. In the face of the evidence as to the existence of lights on the cattle float, I am of opinion that the question is not as to the showing of improper lights, but the failure of the Lewis to promptly observe such lights as were shown.

Likewise, even upon the assumption that the Rose Reichert and her tow were not in the center of the river, it may fairly be said, I think, that this fact was only a condition, and not a cause, of the injury sustained by the float.

I think the tugs were equally at fault, and a decree may be entered for the libelant.